Jonathan Corbett, Esq.
**CORBETT RIGHTS, P.C.**
CA Bar #325608 (*pro hac vice* granted)
958 N. Western Ave., Suite 765
Hollywood, CA 90029
E-mail: jon@corbettrights.com
Phone:(310) 684-3870
FAX:  (310) 675-7080
*Attorney for Plaintiffs Vento & Wolverton*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT ARIZONA**

| Melissa Vento<br>- *and* -<br>Daniel Wolverton<br>*Plaintiffs*<br><br>v.<br><br>United States of America,<br>U.S. Customs Officer Jane Doe<br>- *and* -<br>U.S. Customs Officer John Doe<br>*Defendants* | Case No. 22-CV-_____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |
|---|---|

**INTRODUCTION**

1) Plaintiffs Melissa Vento and Daniel Wolverton, a married couple, are U.S. citizens who crossed the border from Mexico to the United States at Nogales, Arizona, in March 2021.

2) Apparently motivated by Vento's skin being not as pale as Wolverton's, officers of the United States Customs & Border Protection treated Plaintiffs as if they had probable cause that they were drug smugglers, including a manual body cavity search of Vento and a "pat-down" search of Wolverton that was so aggressive as to cause physical injury.

3) Plaintiffs are not and were not drug smugglers: they were U.S. citizens who had their rights violated by racist federal officers, and demand to be made whole for their injuries.

## JURY TRIAL

4) Plaintiffs demand a trial by jury on all issues so triable.

## PARTIES

5) Plaintiffs Melissa Vento and Daniel Wolverton are natural persons living in New York, and are married to each other.

6) Defendant United States of America is the sovereign nation and is the proper defendant for torts alleged through the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

7) Defendant U.S. Customs Officer Jane Doe ("JANE DOE") is the federal officer who searched Vento and is sued here in her individual capacity pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). JANE DOE's true name will be added to an amended complaint once identified.

8) Defendant U.S. Customs Officer John Doe ("JOHN DOE") is the federal officer who searched Wolverton and is sued here in his individual capacity pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). JOHN DOE's true name will be added to an amended complaint once identified.

## JURISDICTION & VENUE

9) Personal jurisdiction is proper because all defendants work (and, upon belief, the individual defendants reside) within the State of Arizona.

10) Subject matter jurisdiction is proper over the constitutional claims because they arise under federal law.  *See* 28 U.S.C. § 1331.

11) Subject matter jurisdiction is proper over the tort claims brought against United States of America pursuant the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

12) Venue is proper because the incident that gave rise to the complaint occurred within the District of Arizona.

## ALLEGATIONS OF FACT

13) On March 19th, 2021, Plaintiffs arrived the Nogales border checkpoint after traveling in Mexico.

14) Plaintiffs presented themselves for readmission to the United States.

15) Plaintiffs possessed and presented valid U.S. passports identifying themselves as U.S. citizens, and are, in fact, U.S. citizens.

16) Plaintiffs were cooperative with the customs officer processing them.

17) Plaintiffs did nothing that would arouse a reasonable person's suspicion that they were in possession of contraband or otherwise committing a crime.

18) Nevertheless, Plaintiffs were sent to secondary screening.

19) Upon information and belief, the motivation for this is that while Wolverton has pale white skin, Vento's skin is more tan colored, and the officers harbored an unreasonable belief that a white man with a "Latina" is likely to be a drug-smuggling team.

20) Vento and Wolverton were separated, questioned, and searched.

21) Vento was forced by JANE DOE to submit to a pat-down search.

22) Vento was wearing "leggings," made of a thin, stretchy material.

23) During this pat-down search, JANE DOE pressed upon Vento's vulva using the front of her fingertips.

24) JANE DOE applied sufficient pressure and a "rubbing motion" such that her fingers were pressed between Vento's labia and penetrated inside of her vagina.

25) JANE DOE's penetration of Vento's vagina was intentional.

26) If JANE DOE's penetration of Vento's vagina was for any purpose connected with her duties[1], it was for the purpose of determining if contraband was located inside of her body.

27) This search thus constituted a body cavity search.

28) This search was humiliating and caused Vento substantial emotional trauma.

29) At no point was there reasonable suspicion or probable cause that Vento was committing a crime or violation of immigration, or any other, laws.

30) Wolverton was subject to a pat-down search by JOHN DOE.

31) Before Wolverton's search, he advised JOHN DOE that he was suffering from a medical condition that could be aggravated by rough handling; to wit: a hernia.

32) JOHN DOE was intentionally aggressive and roughly handled Wolverton's groin area.

33) The search aggravated Wolverton's condition, causing him substantial pain.

34) There was no legitimate law enforcement need to conduct this pat-down in such a manner[2] as to aggravate Wolverton's condition or cause him any pain.

35) No drugs or other evidence of criminality were discovered.

36) At no time did Vento or Wolverton consent to any aspect of their respective searches, and they were conscious of all aspects of the events described in this complaint.

37) The United States of America was given notice, pursuant to the Federal Tort Claims Act, of the events and claims presented herein in a letter dated and mailed April 13th, 2021, and rejected those claims on September 2nd, 2021.

---

[1] If the government wishes to deny either JANE DOE or JOHN DOE "*Westfall* certification" and promptly take the position that these federal officers were *not* acting in the course of their duties, Plaintiffs will gladly replace the claims under the Federal Tort Claims Act against the United States of America with state-law tort claims against these individuals directly.

[2] There was likely no legitimate law enforcement need to conduct this pat down *at all*. Notwithstanding, Wolverton complains of the excessive force used and not the pat-down itself.

## CLAIMS FOR RELIEF

### Counts 1 & 2 – Fourth Amendment to the U.S. Constitution

*Unreasonable Search against JANE DOE (Count 1) and JOHN DOE (Count 2)*

38) The Fourth Amendment to the U.S. Constitution prohibits "unreasonable searches and seizures," and a warrant or an exception to the warrant requirement is required before the government may conduct a search without the consent of the searched.

39) The "border search doctrine" allows the government to conduct some level of limited warrantless searches at the border for the protection of the country from the importation of dangerous items.

40) However, the border search doctrine does not allow for suspicionless body cavity searches, nor does it allow for the searching officer to intentionally cause unnecessary pain.

41) JANE DOE did conduct a body cavity search of Vento without reasonable suspicion.

42) JOHN DOE did intentionally cause unnecessary pain to Wolverton.

43) Plaintiffs did not consent to their respective body searches.

44) Plaintiffs were conscious, at all times, of their respective body searches.

45) These searches were objectively unreasonable in light of the facts and circumstances before JANE DOE and JOHN DOE.

46) Vento encountered substantial emotional injury from the search, and Wolverton encountered substantial physical injury from the search.

47) Plaintiffs' constitutional right to be free from unlawful search was thus knowingly and intentionally violated.

48) Defendants JANE DOE and JOHN DOE are thus liable for damages stemming from the unconstitutional search of Plaintiffs' persons.

### Count 3 – Battery

*via the Federal Tort Claims Act (Against United States of America re: Vento)*

49) JANE DOE, at all times relevant, was an armed federal law enforcement officer.

50) It was clear to Vento that non-compliance with JANE DOE's orders would result in further detention and physical injury sufficient (or more than sufficient) to gain her compliance.

51) Thus, Vento believed that she was forced to comply.

52) The same would have been clear to a reasonable person in Vento's shoes.

53) JANE DOE did touch Vento's person.

54) This touching was unlawful and not privileged.

55) This touching was not required for any legitimate official purpose.

56) This touching was both harmful and offensive.

57) Vento suffered emotional injury as a result of this touching.

58) Sufficient notice was presented to, and denied by, United States of America as required by the Federal Tort Claims Act, and this complaint timely filed within the applicable statutes of limitations.

59) Defendant United States of America is thus liable for damages stemming from intentional infliction of emotional distress via the Federal Tort Claims Act.

### Count 4 – Battery
### *via the Federal Tort Claims Act (Against United States of America re: Wolverton)*

60) JOHN DOE, at all times relevant, was an armed federal law enforcement officer.

61) It was clear to Wolverton that non-compliance with JANE DOE's orders would result in further detention and physical injury sufficient (or more than sufficient) to gain her compliance.

62) Thus, Wolverton believed that he was forced to comply.

63) The same would have been clear to a reasonable person in Wolverton's shoes.

64) JOHN DOE did touch Wolverton's person.

65) The forceful nature of this touching was unlawful and not privileged.

66) The forceful nature of this touching was not required for any legitimate official purpose.

67) The forceful nature of this touching was both harmful and offensive.

68) Wolverton suffered physical injury as a result of this touching.

69) Sufficient notice was presented to, and denied by, United States of America as required by the Federal Tort Claims Act.

70) Defendant United States of America is thus liable for damages stemming from intentional infliction of emotional distress via the Federal Tort Claims Act.

**PRAYER FOR RELIEF**

*WHEREFORE*, Plaintiffs pray for the following relief:

i. Actual damages for loss of liberty, unconstitutional search, garden-variety emotional damages, pain, and suffering stemming from the unlawful searches of their persons in an amount to be determined by a jury.

ii. Punitive damages in an amount to be determined by a jury.

iii. Cost of the action.

iv. Reasonable attorney's fees.

v. Pre- and post-judgment interest as allowed by law.

vi. Any other such relief as the Court deems appropriate.

Dated: Phoenix, AZ

March 1st, 2022

Respectfully submitted,

　　　　　/s/Jonathan Corbett
Jonathan Corbett, Esq.
CORBETT RIGHTS, P.C.
Attorney for Plaintiff
CA Bar #325608 (*pro hac vice* granted)
958 N. Western Ave., Suite 765
Hollywood, CA 90029
E-mail: jon@corbettrights.com
Phone: (310) 684-3870
FAX: (310) 675-7080